**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

        Plaintiff,

                                    **ORDER**
v.                                        Criminal No. 15-16 ADM/LIB

Malcolm Roy Evans,

        Defendant.

_____

Thomas M. Hollenhorst, Esq., and Bradley M. Endicott, Esq., Assistant United States Attorneys, Minneapolis, MN, on behalf of Plaintiff.

Jordan S. Kushner, Esq., Law Office of Jordan S. Kushner, Minneapolis, MN, on behalf of Defendant.

_____

      On June 18, 2015, a jury found Defendant Malcolm Roy Evans guilty of four counts stemming from a December 29, 2014 armed robbery of a Wells Fargo Bank in Moorhead, Minnesota. See Redacted Indictment [Docket No. 65]; Min. Entry [Docket No. 70].

      Throughout the trial, the record was kept by the Court's official court reporter. After reviewing the official trial transcripts that were later made available, Evans filed this Motion to Amend/Correct the Record [Docket No. 95] to correct 10 alleged errors or omissions in the trial transcript. Evans also argues, if his initial request for relief is denied, that copies of the audio recordings of the trial be made available for review. In a separate motion, Evans requests permission to contact members of the jury to investigate issues of concern. See Mot. Contact Jurors [Docket No. 96].

      In addressing challenges to the record's accuracy, other courts have noted that Federal Rule of Civil Procedure 60(a) and Federal Rule of Appellate Procedure 10(e)(1) provide authority for resolving disputes about the official transcript. See Jones v. Nat'l Am. Univ., No.

06-5075, 2009 WL 949189, at *2 (D.S.D. Apr. 4, 2009).

Under 28 U.S.C. § 753(b), "[t]he transcript in any case certified by the reporter or other individual designated to produce the record shall be deemed prima facie a correct statement of the testimony taken and proceedings had." Thus, in order to be entitled to relief, Evans must present evidence to overcome the presumption of correctness the transcript is afforded by § 753(b).

A similar request was made in the habeas petition at issue in Wheeler v. Braun. No. 09-003, 2015 WL 6802069 (N.N.D. Nov. 5, 2015). According to the petitioner, transcription errors prevented the successful appeal of an underlying state court conviction. Id. at *2. As in Evans' motion, the petitioner's "assertions regarding transcript alterations [we]re based solely upon his recollection of the proceedings." Id. The petitioner's memory was insufficient to refute the presumption.

That outcome is proper here; Evans has not presented evidence to set aside the presumption of correctness given to the official transcript. Rather, the alleged errors or omissions are merely instances where Evan's recollection of what was said at trial disagrees with what is memorialized in the transcript. Evens' request to amend the transcript is denied.

Evans' request to obtain copies of audio recordings of the proceedings lacks legal support. To the extent any such recordings exist, Evans does not cite, and the Court has no knowledge of, any authority upon which such relief can be granted. While 28 U.S.C. § 753(b) provides a party the right to receive a transcribed record of in-court proceedings, audio recordings are not subject to disclosure. Even in courtrooms where "electronic sound recording" is used to record court proceedings, parties requesting a copy of the record only have the right to

receive a transcribed version of the proceedings.  Id. § 753(a).

Evans' request to obtain "documentation from the Court or court reporter indicating whether audio recordings were made, when and how they were discarded or destroyed, and any rules, policies or other authorities relied upon when discarding or destroying the recordings" is also denied.  Mot. at 3.  Evans cites Federal Rule of Appellate Procedure 30(e) as authority for this motion.  Appellate Rule 30(e) states that "[i]f a transcript of a proceeding before an administrative agency, board, commission, or officer was used in a district-court action and has been designated for inclusion in the appendix, the transcript must be placed in the appendix as an exhibit."  Nothing in Appellate Rule 30(e) affords Evans the relief he requests.

Finally, Evans' request to contact members of the jury is granted.  Under Local Rule 47.2, "a party must not directly or indirectly contact a juror until the court has discharged the juror from service."  Since all the jurors in this case has been discharged, they may be contacted by Evans' attorney or an attorney or investigator employed by Evans' attorney.

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Malcolm Roy Evans' Motion to Amend/Correct the Record [Docket No. 95] is **DENIED** and the Motion to Contact Jurors [Docket No. 96] is **GRANTED.**

                                                            BY THE COURT:


                                                            s/Ann D. Montgomery
                                                            ANN D. MONTGOMERY
                                                            U.S. DISTRICT JUDGE

Dated:  September 15, 2016.