**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

      Plaintiff,

      v.

Malcolm Roy Evans,

      Defendant.

**MEMORANDUM OPINION**
**AND ORDER**
Criminal No. 15-16 ADM/LIB

_____

Thomas M. Hollenhorst, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of
Plaintiff.

Jordan S. Kushner, Esq., Law Office of Jordan S. Kushner, Minneapolis, MN, on behalf of
Defendant

_____

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on

Defendant Malcolm Roy Evans' ("Evans") Motion to Terminate AG Custody [Docket No. 128]

and Motion to Dismiss [Docket No. 129].  The Government has filed a Response [Docket No.

133].  For the reasons set forth below, the Motions are denied.

## II.  BACKGROUND

On June 18, 2015, after a four-day trial, a jury found Evans guilty of offenses stemming

from armed bank robbery and carjacking, in violation of 18 U.S.C. §§ 2113(a), 2113(d), 2119(1),

and 2113(e).  See Min. Entry [Docket No. 70].  Evans was scheduled to be sentenced on January

26, 2017.  See [Docket No. 107].  On January 18, 2017, Evans filed a Motion for Order of

Competency to Stand Trial [Docket No. 118], requesting a psychiatric or psychological

evaluation pursuant to 18 U.S.C. § 4241(b).  That request was granted, and Evans was ordered to

be transported by the United States Marshal Service to a Bureau of Prisons facility and committed to the custody of the Attorney General.  See Order [Docket No. 119].  The January 26, 2017 sentencing hearing was cancelled.  See [Docket No. 120].  The day after requesting the evaluation, Evans filed a Motion to Cancel the Competency Evaluation [Docket No. 121].  That motion was denied and the Order of January 26 remained in effect.  See Order [Docket No. 124].

On February 2, 2017, Evans was transported to the Metropolitan Detention Center in Los Angles, California for the evaluation.  In a March 3, 2017 letter, the Warden of the Metropolitan Detention Center requested a 15-day extension to complete the examination.  That request was granted.  See Order [Docket No. 131].

Evans now argues that he should be released from the Attorney General's custody and transported back to Minnesota to receive a competency evaluation from a psychologist or psychiatrist of his choice.  Evans also argues that his due process rights have been violated by the length of time between his trial and sentencing.  Evans requests that the charges against him be dismissed.

### III.  DISCUSSION

**A.  Motion to Terminate Custody**

Evans first argues that the Attorney General has failed to arrange for a timely competency evaluation, and he should therefore be permitted to make arrangements to have the evaluation performed by a psychologist of his choosing.  This argument has no merit.  Evans, who was committed to the custody of the Attorney General for a 30 day period, arrived at the Metropolitan Detention Center on February 2, 2017.  In a March 3, 2017 letter, the Warden of that facility requested a 15-day extension to complete the evaluation.  Under 18 U.S.C. §

4241(d)(1), the Attorney General is permitted to maintain custody of a defendant for a "reasonable period of time, not to exceed four months." The time Evans has been in the custody of the Attorney General is reasonable.

## B.  Motion to Dismiss

Evans next argues that the delay between verdict and sentencing has violated his due process rights under the Fifth and Fourteenth Amendments, and Federal Rule of Criminal Procedure 32(b)(1). Evans argues that because of this delay, he has been prejudiced by being confined in a county jail setting that is more restrictive than a federal prison, which has impaired his ability to assist in his legal defense and has adversely impacted his mental state.

The Supreme Court has held that an "inordinate delay in sentencing" implicates the Due Process Clauses of the Fifth and Fourteenth Amendments. Betterman v. Montana, 136 S. Ct. 1609, 1612 (2016). While these concerns are diminished after conviction, a defendant's due process right to liberty is still present, and "[h]e retains an interest in a sentencing proceeding that is fundamentally fair." Id. at 1617. In assessing due process concerns raised by sentencing delay, the reasons for the delay and the prejudice to the accused are to be considered. United States v. Paul, 634 F.3d 668, 674–75 (2nd Cir. 2011).

The delay between verdict and sentencing, and any resulting prejudice to Evans, have not violated his due process rights. Some of the delay can be attributed to Evans himself, as the presentence investigation report was delayed because of Evans' deteriorating relationship with his trial attorney, a relationship that ultimately frayed beyond repair and required substitution of counsel. See id. ("Courts should also consider the extent to which the defendant should bear responsibility for the delay."). The delay can also be attributed to justifiable concern about

3

Evans' competency, which resulted in the postponement of the January 26, 2017 sentencing date.

Considering the volatile behavior Evans exhibited during trial in the presence of the

jury—including an animated outburst from the witness stand and being required to be subdued

by U.S. Marshals after leaping on top of counsel table—a competency evaluation and any

attendant delay is justified.

The prejudice to Evans is not "substantial and demonstrable." United States v. Ray, 578

F.3d 184, 200 (2d Cir. 2009). Evans is not a man presumed innocent awaiting trial, but someone

tried and convicted of multiple offenses related to armed bank robbery who is facing significant

time in prison. While Evans, who is represented by counsel, does have the right to assist in his

defense, his claim is not the "unusual case where the dictates of fundamental fairness clearly

compel [the Court] to conclude that [Evans'] rights were violated." Id. at 202.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that Defendant Malcolm Roy Evans' Motion to Terminate AG Custody

[Docket No. 128] and Motion to Dismiss [Docket No. 129] are **DENIED**.

BY THE COURT:


          s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  March 17, 2017.