**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

United States of America,

    Plaintiff,

v.

Malcom Roy Evans,

    Defendant.

**MEMORANDUM OPINION
AND ORDER**
Criminal No. 15-16 ADM/LIB
Civil No. 20-633 ADM

_____

Thomas M. Hollenhorst, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Malcom Roy Evans, pro se.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Malcom Roy Evans' ("Evans") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 181] and Supplement to 28 U.S.C. § 2255 [Docket No. 191] (together, the "§ 2255 Motion").[1] Evans has also filed a motion [Docket No. 197] seeking an order requiring the Government to respond to the Supplement to 28 U.S.C. § 2255. For the reasons stated below, Evans' motions are denied.[2]

## II. BACKGROUND

On June 18, 2015, a jury found Defendant Malcolm Roy Evans guilty of armed bank robbery, attempted carjacking, carjacking, and forcing a person to accompany him while

---

[1] All citations are to the criminal case docket.

[2] Evans also moves to exceed the memorandum word limit in this § 2255 proceeding. See Mot. Exceed Word Limit [Docket No. 180]. This motion is granted. The Court has reviewed all filings submitted by Evans.

avoiding and attempting to avoid apprehension.  Verdict [Docket No. 72].   He was sentenced to a prison term of 360 months.  Sentencing J. [Docket No. 147] at 2.

The substantial evidence linking Evans to the crimes included security footage identifying Evans as the perpetrator, an in-court identification of Evans by the victim of the attempted carjacking, and several items found in Evans' hotel room that were related to the crimes—a sawed-off shotgun, clothing with Evans' DNA that matched the clothing worn by the bank robber, and over $2,000 in cash.

Evans appealed his conviction, arguing the district court erred by:  (1) denying his motion to suppress; (2) not properly inquiring into his complaints about his defense team; (3) denying his motions for a mistrial based on an in-court identification by a witness; (4) limiting Evans' testimony due to his disruptive behavior at trial; and (5) imposing a sentencing guideline enhancement for obstruction of justice.  United States v. Evans, 908 F.3d 346, 350–56 (8th Cir. 2018).  On November 6, 2018, the Eighth Circuit affirmed Evans' conviction.  Id. at 356.  The Supreme Court denied Evans' writ of certiorari on April 15, 2019.  See Evans v. United States, 139 S. Ct. 1589 (2019).

Evans then filed this § 2255 Motion.  He asserts ineffective assistance of counsel claims against his trial counsel and his appellate counsel.

### III.  DISCUSSION

**A.  Legal Standard**

Persons in federal custody are provided a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of their sentence under 28 U.S.C. § 2255.  See United States v. Addonizio, 442 U.S. 178, 185 (1979).  "Relief under 28 U.S.C. § 2255 is

reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal, and if uncorrected, would result in a complete miscarriage of justice." Walking Eagle v. United States, 742 F.3d 1079, 1081-82 (8th Cir. 2014) (quoting United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)).

Section 2255 generally may not "be used to relitigate matters decided on direct appeal." Sun Bear v. United States, 644 F.3d 700, 702 (8th Cir. 2011) (citing Davis v. United States, 417 U.S. 333, 346–47 (1974)); see also United States v. Shabazz, 657 F.2d 189, 190 (8th Cir. 1981) (per curiam) ("Claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255.").

**B. Ineffective Assistance of Counsel**

"To establish ineffective assistance of counsel within the context of section 2255 . . . a movant faces a heavy burden." Apfel, 97 F.3d at 1076. A defendant must show that "(1) his attorney's performance failed to conform to the degree of skill, care, and diligence of a reasonably competent attorney; and (2) he was prejudiced by the attorney's poor performance." Pierce v. United States, 686 F.3d 529, 531 (8th Cir. 2012) (citing Strickland v. Washington, 466 U.S. 668 (1984)). The defendant must overcome the "strong presumption" that his counsel provided reasonable assistance. Id. Overcoming that presumption requires a showing that, "in light of all the circumstances, the lawyer's performance was outside the range of professionally competent assistance." Cox v. Norris, 133 F.3d 565, 573 (8th Cir. 1997). If the defendant can show his counsel's performance was inadequate, he then must show that, but for the deficient performance, the outcome of his case would have been different. Id.

Evans raises nine claims in his initial § 2255 Motion and seven claims in the Supplement

to the § 2255 Motion, for a total of sixteen claims asserting ineffective assistance of counsel. Each claim is addressed below.

### 1. Validity of Indictment and Warrant

Evans claims he was "tried and subsequently convicted on a void indictment," and that "the arrest and search warrant was also void." Mem. Supp. [Docket No. 183] at 6. Evans contends that five investigative reports used by law enforcement to obtain the December 2014 arrest and search warrant were redacted in April 2015, two months before Evans' trial. Id. at 11–12. He argues the redactions "made everything void," including his arrest, the search of two motel rooms, and the Indictment. Id. at 12. Evans claims his trial counsel was constitutionally deficient for failing to challenge the redaction of the reports. He also claims his appellate counsel was deficient for failing to raise the argument in a motion for a new trial or on direct appeal, and for failing to argue on appeal that trial counsel's performance was constitutionally deficient.

Evans cites no authority for his contention that the redactions made months after the search warrant was issued and the Indictment was filed retroactively caused the warrant and Indictment to be void. Counsel was not deficient for failing to challenge the warrant and Indictment on this ground because the challenge lacks merit. Additionally, no prejudice resulted from counsel's failure to challenge the warrant on this ground because the challenge is frivolous and would not have changed the outcome of the proceeding.

Evans also argues the Indictment was void because it purportedly was not signed by an attorney for the Government. Id. Evans contends his counsel was ineffective for not challenging the Indictment on this basis. However, the clerk of court does not scan the original signature of

4

an indictment into the court's electronic filing system. The original signature page bearing the signatures of the United States Attorney and the grand jury foreperson is in the files of the U.S. Attorney's Office. Because the Indictment was signed, Evans was not prejudiced by his counsel's failure to contest it.

### 2. Appellate Counsel's Performance

Evans claims his appellate counsel rendered ineffective assistance of counsel by failing to argue on appeal that Evans' trial counsel's performance was constitutionally deficient. Evans contends trial counsel's opening statements and closing arguments "gave the case away." Id. at 16, 18, 20–22. This argument lacks merit because ineffective assistance claims are not typically reviewed on direct appeal. United States v. Sanchez-Gonzalez, 643 F.3d 626, 628 (8th Cir. 2011); United States v. McAdory, 501 F.3d 868, 872–73 (8th Cir. 2007). Additionally, Evans was not prejudiced by appellant counsel's decision not to raise the ineffective assistance claim on direct appeal, because Evans has a full and fair opportunity to raise the claim in this proceeding. See Massaro v. United States, 538 U.S. 500, 509 (2003) ("[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255.").

### 3. Conflict of Interest

Evans claims his appellate attorney rendered ineffective assistance by failing to argue on appeal that a conflict of interest existed between Evans and his trial attorney. Evans contends his trial counsel had a conflict of interest because counsel wanted Evans to plead guilty and did not pursue Evans' chosen line of defense. Mem. Supp. at 32–33, 111–112.

To establish a conflict in representation, a defendant must "identify a plausible

alternative defense strategy or tactic that defense counsel might have pursued, show that the alternative strategy was objectively reasonable under the facts of the case, and establish that the defense counsel's failure to pursue that strategy or tactic was linked to the actual conflict." Winfield v. Roper, 460 F.3d 1026, 1039 (8th Cir. 2006) (quotations omitted). Here, Evans does not identify an alternative defense strategy that was not pursued, much less establish that the strategy was reasonable under the facts of the case.

Evans also argues his appellate attorney harbored a conflict of interest. Evans contends that during the time his appellate counsel was representing him, Evans filed three professional responsibility complaints against his appellate counsel, one of which resulted in a private admonition for counsel's delay in filing Evans' appellate brief. See Ex. 15 [Docket No. 182, Attach. 1]; [Docket No. 186]. Evans argues that an affirmance was in his appellate counsel's personal interest because a reversal of Evans' conviction would have exposed appellate counsel to liability for the additional time Evans spent in prison as a result of appellate counsel's delay in handling the appeal.

This argument lacks merit. The briefs filed in Evans' appeal show appellate counsel advocated effectively for Evans and succeeded in convincing one member of the Eighth Circuit panel that Evans' conviction should be reversed. See Evans, 908 F.3d at 367–57 (Kelly, J., concurring in part and dissenting in part).

**4. Impeachment Testimony - Trial Counsel's Performance**

Evans claims trial counsel was ineffective for failing to impeach the victim of the attempted carjacking ("B.A.V.") with a prior inconsistent statement. Evans argues that B.A.V. gave police a generalized and non-specific description of the assailant immediately following the

incident, but when B.A.V. testified at trial six months later she gave a detailed description of the assailant that matched Evans. Evans contends that trial counsel should have used B.A.V.'s prior generalized description to impeach her.

Trial counsel's decision not to question B.A.V. about her earlier description does not constitute ineffective assistance. During cross examination, trial counsel asked B.A.V. questions that challenged the reliability of her identification testimony. See Trial Tr. Vol. I [Docket No. 100] at 141–42. Trial counsel also attacked B.A.V.'s identification testimony during closing argument. Trial Tr. Vol. IV [ Docket No. 103] at 453–55. Additionally, Evans was not prejudiced by the decision not to directly challenge B.A.V. about her prior statement, because the evidence of Evans' identity was overwhelming. Even if trial counsel had completely discredited B.A.V.'s testimony, it would not have changed the outcome of the trial.

Evans also argues that trial counsel and the prosecutor colluded at trial by arranging to have B.A.V. identify Evans at trial, and also colluded by conferring with each other several times during trial in an effort to obtain Evans' conviction. There is no evidence to support these accusations. Although opposing counsel conferred off the record on several occasions during trial, there is no evidence that these brief discussions were for the purpose of ensuring Evans' conviction.

### 5. Impeachment Testimony - Appellate Counsel's Performance

Evans argues that appellate counsel provided ineffective assistance by not raising the impeachment issue on appeal. Because trial counsel was not ineffective for failing to impeach B.A.V. with her prior statement, appellate counsel was not ineffective for not raising the issue on appeal.

**6. Jury Selection**

Evans claims his trial counsel was ineffective during the jury selection process. During voir dire, three prospective jurors stated they were employed by banks. Of the three, two worked for Wells Fargo. Evans was accused of robbing the Wells Fargo bank in Moorhead, Minnesota. Trial counsel did not challenge the bank employees for cause or use preemptive strikes to remove them, and they were empaneled as jurors. Evans argues trial counsel's failure to challenge these jurors was constitutionally deficient and that appellate counsel should have raised this issue on appeal.

Trial counsel's decision to leave the bank employees on the panel is a matter of trial strategy, which typically does not support an ineffective assistance of counsel claim. See Miller v. Frances, 269 F.3d 609, 615 (6th Cir. 2001) ("Counsel's actions during voir dire are presumed to be matters of trial strategy."); Williams-Bey v. Trickey, 894 F.2d 314, 316 (8th Cir. 1990) ("Matters of trial strategy and tactics generally do not constitute ineffective assistance of counsel, unless a tactical choice is wholly without reason."). Here, the Court asked each panel member individually if he or she would be a "fair and impartial" juror. The three bank employees stated they would. Voir Dire Tr. [Docket No. 99] at 47, 56, 62. The Court also specifically inquired whether the prospective jurors who worked for Wells Fargo bank would have concerns about their ability to be fair:

> Do any of you who are connected with Wells Fargo have any particular connection with the employees at the Moorhead, Minnesota branch of the Wells Fargo, or would the fact that it's a branch of the bank that you are employed at present any problems with regard to your fairness in this case? Obviously, I think we all know Wells Fargo has branches all over the place, so -- but anybody that has a concern about that?

<u>Id.</u> at 87.  No prospective juror voiced a concern.  Additionally, the tactical decision of which panel members to leave on the jury also included factors such as their demeanor, age, education, family status, life experiences, and the manner and content of their responses during voir dire.  Based on this record, Evans cannot show the jurors were biased against him or that trial counsel's decision to leave them on the panel was wholly without reason.  Trial counsel's failure to challenge the jurors was not deficient and did not result in prejudice to Evans.

Evans also takes issue with trial counsel's questions during voir dire about the prospective jurors' thoughts on illegal drug use.  Evans has not shown that these questions prejudiced the jury.  Evans further argues the Court tainted the jury pool by stating that Evans' trial counsel was a "vigorous defense counsel."  <u>Id.</u> at 23.  The Court disagrees that this statement had an impact on the jury.

Evans' trial counsel did not provide ineffective assistance during the jury selection process, and his appellate counsel was not ineffective for failing to raise the issue on appeal.

### 7.  Trial Transcript

Evans argues the trial transcript is inaccurate because it does not match his recollection of what was said at trial.  Evans claims the inaccuracies were purposely designed to conceal deliberate misconduct by the prosecutor, Evans' trial counsel, the Court, and the court reporter.  Evans argues he must be given access to the original audio recording of the trial so he can prove the trial transcript is inaccurate.

Under 28 U.S.C. § 753(b), "[t]he transcript in any case certified by the reporter or other individual designated to produce the record shall be deemed prima facie a correct statement of the testimony taken and proceedings had."  The statute further provides that "[t]he original notes

or other original records and the copy of the transcript in the office of the clerk shall be open during office hours to inspection by any person without charge." Id.

Evans contends that denying him access to the original audio recording of the trial violates the due process clause of the Fifth Amendment of the United States Constitution. The Court disagrees. "[A] prisoner has no absolute right to a transcript to assist him in the preparation of a collateral attack on his conviction, and . . . constitutional requirements are met by providing such materials only after judicial certification that they are required to decide the issues presented by a non-frivolous pending case." United States v. Losing, 601 F.2d 351, 353 (8th Cir. 1979). Here, the alleged discrepancies in the trial transcript are minor and would have no bearing on the outcome of the trial or this § 2255 proceeding. Accordingly, to the extent an original audio recording of the trial exists, it is not required to decide the issues in this case. Evans' request to access an original audio recording of the trial is denied.

**8. Evidence, Discovery, Stipulations, and Trial Strategy**

Evans argues trial counsel labored under a conflict of interest and as a result did not present Evans' chosen defense. Evans contends trial counsel was attempting to force Evans to plead guilty against his will, and as a result did not comply with Evans' requests concerning evidence, discovery, and trial strategy.

As summarized previously, the evidence against Evans at trial was overwhelming. Trial counsel's strategy, including entering into stipulations at trial, choosing not to obtain a DNA expert, and stating during closing argument that Evans was aware of but did not commit the bank robbery, were tactical decisions that were objectively reasonable and did not result in prejudice to Evans.

10

**9. Competency Evaluation**

Evans claims appellate counsel was ineffective for failing to challenge Evans' competency evaluation. The evaluation was conducted after Evans' trial and before sentencing. Evans contends the evaluation was a "direct product of torture" because he was not allowed to use the restroom during the evaluation. Mem. Supp. at 127. Assuming the allegations are true, the competency evaluation did not affect the outcome of Evans' trial because the evaluation occurred after the trial. Additionally, the evaluation and alleged torture did not impact Evans' sentencing or appeal. Appellate counsel was not ineffective for not challenging the evaluation.

**10. Competency Hearing**

In the supplement to his § 2255 Motion, Evans argues his trial counsel was ineffective for failing to request a competency hearing prior to trial and that his appellate counsel was ineffective for failing to raise this issue on appeal. Evans contends that if trial counsel had moved for a competency hearing prior to trial the motion would have been granted and the evaluation would have established that Evans was not competent to stand trial.

Evans does not identify any behavior or other basis upon which trial counsel would have had a reason to question Evans' competency prior to trial. As the Court noted at sentencing, it had the opportunity to observe Evans during trial and had no concerns about his competency and ability to understand his legal proceedings. See Sentencing Tr. [Docket No. 154] at 11:23–12:5. Accordingly, trial counsel was not deficient for not requesting a competency hearing prior to trial, and appellate counsel was not ineffective for failing to raise this issue on appeal.

### 11. Jury Instructions 15 Through 18[3]

Evans argues trial counsel was ineffective for not objecting to Jury Instruction 15, which instructed the jury on the elements of armed bank robbery as charged in Count 1 of the Indictment. The instruction was worded in the disjunctive, stating that to satisfy the second element of armed bank robbery, the jury needed to find that the defendant took money "by force and violence or intimidation." Jury Instructions [Docket No. 71] at Instruction 15 (emphasis added). The instruction also stated that to satisfy the third element, the jury needed to find that the defendant "assaulted the victim teller or put the life of the victim teller in jeopardy by use of a dangerous weapon." Id. (emphasis added).

Evans argues Jury Instruction 15 was erroneous because the Indictment charged him in the conjunctive with taking money "by force and violence and intimidation." Indictment [Docket No. 1] at 1 (emphasis added). The Indictment also charged that Evans "assault[ed] and put in jeopardy the life of another person by the use of a dangerous weapon." Id. (emphasis added).

"Jury instructions are acceptable if, taken as a whole, they adequately apprise the jury of the essential elements of the offenses charged and the burden of proof required of the government." United States v. Brown, 478 F.3d 926, 928 (8th Cir. 2007). When a statute is worded in the disjunctive, all of the different ways of committing the same offense must be alleged in the conjunctive in the indictment so that the accused is fully informed of the charges. United States v. Urkevich, 408 F.3d 1031, 1036 (8th Cir. 2005). "However, it is appropriate for

---

[3] Evans' challenges to Jury Instructions 15 through 18 are raised in Claims 11, 12, 14, and 15 of the Supplement to the § 2255 Motion.

the district court to instruct the jury in the disjunctive form used in the statute, because proof of any one of the violations charged conjunctively in the indictment will sustain a conviction." Id. (quotations and alterations omitted).

The armed bank robbery statute is worded in the disjunctive. The offense can be committed by taking money "by force and violence, or by intimidation," when a defendant "assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device." 18 U.S.C. § 2113(a), (d). Jury Instruction 15 correctly apprised the jury of the essential elements of armed bank robbery and the Government's burden of proof. Trial counsel was not deficient for failing to object to the instruction, nor was appellate counsel deficient for failing to raise the issue on appeal.

Evans similarly argues that Jury Instructions 16, 17, and 18 were erroneous because they included elements that were worded in the disjunctive, whereas the Indictment was worded in the conjunctive. See § 2255 Supplement at 6–8. These Jury Instructions correctly instructed the jury in the disjunctive form of the applicable statutes, and trial and appellate counsel were not ineffective for failing to challenge them.

**12. Rehaif**

Evans argues trial counsel was ineffective in failing to move for dismissal of Counts 2 and 3 (attempted carjacking and carjacking), because the Indictment did not charge that Evans "knowingly" committed every element of the crimes charged in those Counts. Evans contends the counts were defective based on the Supreme Court's decision in Rehaif v. United States, 139 S. Ct. 2191 (2019).

Rehaif involved a charge for unlawful possession of a firearm due to the defendant's

13

status as an alien who was unlawfully in the United States.  The defendant in that case argued that the district judge erred in instructing the jury that it did not need to find that the defendant knew he was in the country unlawfully.  Id. at 2195.  The Supreme Court agreed with the defendant and held that the Government must prove that a person whose prohibited status bars them from possessing a firearm know of both his prohibited status and his possession of a firearm to "knowingly violate" the ban in  18 U.S.C. § 922(g).  Id. at 2196–97, 2200.

Evans argues that under Rehaif, the Government was required charge him with knowingly violating all elements of attempted carjacking and carjacking.  Rehaif has no application here because it addressed the adequacy of a jury instruction, not the sufficiency of an indictment.  Additionally, unlike the statute in Rehaif, the carjacking statute does not criminalize otherwise innocent conduct.  Carjacking is not "an innocent mistake to which criminal sanctions normally do not attach."  Rehaif, 139 S. Ct. at 2197.  Trial and appellate counsel were not deficient for failing to challenge Counts 2 and 3 as defective.

### 13. Sentencing Enhancements

Evans argues that his appellate attorney, who also represented Evans at sentencing, failed to object to the enhancements added to Evans' base offense level under the sentencing guidelines.  The Court increased the base offense level by 2 points under § 2B3.1(b)(1) of the guidelines for taking money from a financial institution, 6 points under § 2B3.1(b)(2)(B) for the use of a firearm, 4 points under § 2B3.1(b)(4)(A) for abducting a person to facilitate the commission of the crime, and 2 points under § 2B1.3(b)(5) because the offense involved carjacking.  Evans contends the enhancements "double counted" conduct that was already charged in the Indictment.  Evans provides no legal authority for this argument, and the Court

concludes that application of the offense specific enhancements provided by the sentencing guidelines was proper. Appellate counsel was not deficient for failing to object to the enhancements, and the outcome would not have been different had appellate counsel objected.

**C. Motion to Order Government to Respond to § 2255 Supplement**

Evans moves for an order requiring the Government to respond to the claims raised in his § 2255 Supplement. This motion is denied as futile because it plainly appears from the § 2255 Supplement, the attached exhibits, and the record of prior proceedings that Evans is not entitled to relief. See Rule Governing § 2255 Proceedings 4(b).

## IV. EVIDENTIARY HEARING

Evans requests an evidentiary hearing to address the issues raised in his § 2255 Motion. Evans has not established the necessity of an evidentiary hearing because he does not allege disputed facts, which if proved would entitle him to habeas relief. See Newton v. Kemna, 354 F.3d 776 (8th Cir.2003). Therefore, his request for an evidentiary hearing is also denied.

## V. CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district cour"'s assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds it unlikely that another court would decide the issues raised in this § 2255 Motion differently, or that any of the issues raised in Evans' Motion would be debatable among reasonable jurists. Therefore, the Court declines to grant a certificate of appealability.

## VI.  CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Malcom Roy Evans' Motion to Exceed Word Limit [Docket No. 180] is **GRANTED**;

2. Evans' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 181] is **DENIED**;

3. Evans' Supplement to 28 U.S.C. § 2255 [Docket No. 191] is **DENIED**;

4. Evans' request for an evidentiary hearing is **DENIED**; and

5. Evans' Motion to Order the Government to Respond to the Supplement to 28 U.S.C. § 2255 [Docket No. 197] is **DENIED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


  s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

Dated:  September 22, 2020